NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMATE SOULEYMANE, | Civil Action No. 17-1258 (JMV) |
| Petitioner, | |
| v. | **OPINION** |
| CHARLES GREEN, | |
| Respondent. | |

APPEARANCES:

SAMATE SOULEYMANE
Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL 35901
    Petitioner, *pro se*

CHRISTOPHER D. AMORE
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 01701

and

BRYAN K. LONEGAN
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C., 20044
    On behalf of Respondent.

**VAZQUEZ**, United States District Judge

    Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 23, 2017. (ECF No. 1.) He filed an amended petition on April 4, 2017, alleging violation

of his right to due process based on his post-removal order detention by Immigration and Customs Enforcement ("ICE") since September 12, 2016. (ECF No. 3, ¶3.) Respondent filed an answer to the habeas petition. (ECF No. 9.) Respondent argues that Petitioner's detention is authorized by 8 U.S.C. § 1231 and that his petition should be dismissed because Petitioner has not met the relevant legal standard.

## I. BACKGROUND

Petitioner is a native and citizen of Burkina Faso. (ECF No. 9-1, ¶3.) On March 10, 2016, he made an application for admission into the United States at the San Ysidro Port of Entry in California. (*Id.*) He was charged as inadmissible under 8 U.S.C. § 1182(a)(7)(i)(I), but upon referral to an asylum officer, he was found to have a credible fear of persecution if returned to Burkina Faso. (*Id.*, ¶¶3, 5, 6.) On April 1, 2016, Petitioner was issued a Notice to Appear for removal proceedings. (*Id.*, ¶6.) On September 12, 2016, an Immigration Judge ("IJ") denied his application for asylum and ordered Petitioner removed. (*Id.*, ¶7.)

ICE sent a travel document request to the Consulate of Burkina Faso on September 14, 2016. (*Id.*, ¶8.) Before receiving a response from the Consulate, ICE conducted a post-order custody review for Petitioner on November 25, 2016, and decided to continue his detention. (*Id.*, ¶9.) On March 24, 2017, the Embassy for Burkina Faso issued a travel document for Petitioner, with an expiration date of April 23, 2017. (*Id.*, ¶10.) The travel document was sent to a deportation officer in California, but Petitioner was transferred to Alabama on March 26, 2017. (*Id.*, ¶11.)

ICE conducted another post-order custody review for Petitioner on March 29, 2017, and again decided to continue his detention. (*Id.*, ¶12.) ICE case officers in Alabama received Petitioner's travel document on March 31, 2017, and forwarded it to a travel coordinator in Louisiana to arrange Petitioner's flight to Burkina Faso. (*Id.*, ¶13.) The travel coordinator was

unable to schedule the flight before the travel document expired. (*Id.*, ¶14.) ICE requested a new travel document from the Embassy of Burkina Faso. (*Id.*, ¶15.) ICE expects the Embassy will provide the travel document in the near future. (*Id.*, ¶17.)

## II. DISCUSSION

### A. Arguments

Petitioner has cooperated with removal efforts by requesting a travel document from Burkina Faso and also requesting acceptance from alternate countries. (ECF No. 3, ¶7.) Petitioner asserts that no travel documents had been issued [at the time he filed the amended complaint], and there is no reason to believe travel documents will be issued in the foreseeable future. (*Id.*, ¶8.) Relying on the Supreme Court decision in *Zadvydas v. Davis*,[1] Petitioner argues that his detention for more than six months violates the Due Process Clause. (ECF No. 3, at 7-8.)

Respondent agrees that *Zadvydas* governs Petitioner's detention, but contends that he has not met the burden to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." (ECF No. 9 at 8, quoting *Zadvydas*, 533 U.S. at 681). Respondent asserts that Petitioner has not presented any facts in support of his contention that his removal is not significantly likely in the foreseeable future. (*Id.*) Respondent maintains that Petitioner's post-final order detention began on October 12, 2016, the day when his time to appeal his removal order expired. (*Id.*) Although Petitioner has been detained slightly more than six months, he has been afforded post-order custody review pursuant to 8 C.F.R. § 241.4. (*Id.* at 8-9.) Respondent contends the post-order custody reviews provided to Petitioner on November 25, 2016 and March 29, 2017 are all the due process to which Petitioner is entitled. (*Id.* at 9.)

### B. Law Governing Post-Final Order Detention

---

[1] 533 U.S. 678 (2001).

3

8 U.S.C. § 1231(a)(1), (6) provides, in relevant part:

(a) Detention, release, and removal of aliens ordered removed

(1) Removal period

(A) In general

Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

(B) Beginning of period

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

. . .

(6) Inadmissible or criminal aliens

An alien ordered removed who is inadmissible under section 1182 of this title . . . may be detained beyond the removal period . . .

In *Zadvydas*, the Supreme Court considered whether § 1231(a)(6) authorized the Attorney General to detain a removable alien, who was admitted to the United States but subsequently ordered removed, "*indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." 533 U.S. at 682. The Court construed the statute to contain an implicit reasonable time limitation to avoid serious constitutional concerns. *Id.* The Court held that the reasonable time limit for post-removal order detention is six months. *Id.* at 701.

> After this six-month period "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement

grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

In *Clark v. Martinez*, the Supreme Court held that its statutory construction of 8 U.S.C. § 1231(a)(6) applied equally to all three categories of aliens referred to in the statutory provision, including inadmissible aliens. 543 U.S. 371, 377-78 (2005).

C. Analysis

Petitioner is in custody pursuant to § 1231(a)(6). He has cooperated with his removal, but he has been detained for more than six months after his removal order became final. His home country of Burkina Faso issued a travel document in March 2017, but it expired before the flight could be scheduled. On April 17, 2017, ICE sent an updated travel itinerary to the Embassy of Burkina Faso, requesting an extension of the expiration date for Petitioner's travel document. (ECF No. 9-1, ¶15.) Supervisory Detention and Deportation Officer Bryan Pitman, based on his expertise, expects that the Embassy of Burkina Faso will extend the expiration date on Petitioner's travel document, and Petitioner will be removed in the foreseeable future. (*Id.*, ¶17.)

At the time Petitioner prepared his amended petition, he was unaware that Burkina Faso had issued a travel document for him. If travel arrangements could have been made between March 24 and April 23, 2017, Petitioner would have been removed to Burkina Faso. The Court finds credible Respondent's assertion that the Embassy of Burkina Faso will extend the expiration date on Petitioner's travel document and that Petitioner will be removed in the foreseeable future.

III. CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Date: July 10, 2017
At Newark, New Jersey

                <u>s/ John Michael Vazquez</u>
                JOHN MICHAEL VAZQUEZ
                United States District Judge